IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MICHAEL AUGUSTINE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 16-cv-3154 |
| **DONALD G. SHOOTER**, *et al.*, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

On April 14, 2016, Plaintiff Michael Augustine filed a Complaint in the Circuit Court for Prince George's County, Maryland, alleging personal injury from an automobile accident. ECF No. 2. He claimed that Defendant Donald G. Shooter was driving a truck for Defendant Double R. Transport, and turned his truck into the lane of the vehicle in which Plaintiff was riding as a passenger. *Id*. Plaintiff's vehicle was being driven by Kevin Green. Plaintiff then filed an Amended Complaint, ECF No. 4, and on July 1, 2016, Defendants filed a Third-Party Complaint against Kevin Green, alleging that the accident was caused by his negligence in failing to control his vehicle and avoid an accident with the tractor-trailer driven by Defendant Shooter. ECF No. 5.

On September 14, 2016, Third-Party Defendant Green removed the case to this Court pursuant to 28 U.S.C. §§ 1367, 1441, and 1446. ECF No. 1. He invoked the supplemental jurisdiction of this Court on the grounds that he had filed his own lawsuit based on the same automobile accident in the United States District Court for the District of Maryland, *Green v. Shooter and Double R. Transport, Inc.*, 16-cv-01605-RWT, and this case involves the same or similar factual issues concerning liability and damages. ECF No. 1 at 2. Because this Court

1

finds that Third-Party Defendant's removal was improper, it lacks jurisdiction over this action. Therefore, Third-Party Defendant's Motion to Consolidate [ECF No. 14] will be denied and the case will be remanded to the Circuit Court for Prince George's County, Maryland.

## DISCUSSION

### I. STATUTORY FRAMEWORK

Federal Rule of Civil Procedure 42 allows a court to consolidate actions before it that "involve a common question of law or fact." District courts have "broad discretion in deciding whether to consolidate cases pending in the same district." *Hicks v. Grove*, No. 12-cv-1422-ELH, 13-cv-2592-ELH, 2014 WL 768685, at *1 (D. Md. Feb. 25, 2014).

Third-Party Defendant Green brought this Motion to Consolidate after removing the case from the Circuit Court for Prince George's County to this Court. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1446 provides the procedures for removal of such actions over which the district court has original jurisdiction.

Third-Party Defendant Green invoked supplemental jurisdiction as his basis for removal, as he is the Plaintiff in an action currently before this Court involving the same automobile accident. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that, in "any civil action of which the district court has original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

**II.    THIS COURT LACKS JURISDICTION BECAUSE THIRD-PARTY DEFENDANT GREEN'S REMOVAL WAS IMPROPER.**

It is well established that federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Third-Party Defendant Green's removal to this Court was improper both because he is a third-party defendant and because supplemental jurisdiction is not a source of original jurisdiction that supports removal. As a result, this Court lacks subject-matter jurisdiction over the action and the case must be remanded to the Circuit Court for Prince George's County.

First, removal statutes "'must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns.'" *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) (quoting *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011)). Doubts about whether removal was proper "are to be resolved in favor of remanding the case to state court." *Id.* The Supreme Court held in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07 (1941), that a counter-claim defendant may not remove an action to federal district court, strictly construing the removal statute and explaining that Congress specifically amended the statute from allowing "either party" to remove to conferring the power only on "defendant or defendants." And as the Fourth Circuit has explained, for "more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332-33 (4th Cir. 2008) (collecting cases); *see also Cohn*, 857 F. Supp. 2d at 547 ("Only a defendant to an action—neither a counter-defendant nor a third-party defendant—may remove cases under §

1441(a)."). As a third-party defendant, Green does not have the power to remove this action to federal court. This Court therefore lacks jurisdiction and the case must be remanded to the Circuit Court for Prince George's County.

Second, even if Green did have the right to remove this action as a third-party defendant, § 1441(a) requires that the district court have original jurisdiction over the action in order for removal to be proper. This case raises no federal question, and diversity is lacking as both Plaintiff Augustine and Third-Party Defendant Green are residents of Maryland and the amount in controversy in the Amended Complaint is only $52,000. Instead, Third-Party Defendant Green relies on supplemental jurisdiction as a basis for removal. But this Court has made clear that supplemental jurisdiction is not a source of original subject-matter jurisdiction, and a "notice of removal may therefore not base subject-matter jurisdiction on supplemental jurisdiction, even if the action the defendant seeks to remove on that basis is related to another action over which the federal district court has subject-matter jurisdiction, and even if removal would be efficient." *Carpenter v. Brentwood BWI One, LLC*, No. 15-cv-01431-ELH, 2015 WL 3464340, at *3 (D. Md. May 29, 2015) (internal citation and quotation marks omitted).

In other words, "supplemental jurisdiction does not create an independent basis for removal to federal court." *Id.* (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002)); *see also Briddelle v. T & J Foods, Inc.*, 18 F. Supp. 2d 611, 612 (D. Md. 1998) (finding that removal based only on supplemental jurisdiction was improper when the case involved neither diversity of citizenship nor a federal question); *Vick v. Nash Hospitals, Inc.*, 756 F. Supp. 2d 690, 693 (E.D.N.C. 2010) ("An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action, even if such a removal would be an efficient result.") (internal citations and quotation marks omitted). Even though the two actions sought to

be consolidated arise out of the same event, considerations of efficiency are insufficient to confer jurisdiction on this Court.

Because Third-Party Defendant Green's removal was improper, this Court lacks subject-matter jurisdiction over the action.  It therefore cannot be consolidated with *Green v. Shooter, et al.*, No. 16-cv-01605-RWT, and must be remanded to the Circuit Court for Prince George's County.

Accordingly, it is this 1st day of November, 2016, by the United States District Court for the District of Maryland,

**ORDERED**, that Third-Party Defendant Green's Motion to Consolidate [ECF No. 14] is hereby **DENIED**; and it is further

**ORDERED**, that the case is hereby **REMANDED** to the Circuit Court for Prince George's County, Maryland, for further proceedings; and it is further

**ORDERED**, that the Clerk of this Court is hereby directed to **CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
